```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

CORTEZ JOHNSON,                )
                               )
        Plaintiff,             )
                               )
        v.                     )    Civil Action No. 03-1626
                               )    DISTRICT JUDGE McVERRY
MATTHEW O'BLOCK,, et al.,      )    MAGISTRATE JUDGE CAIAZZA
                               )
        Defendants.            )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Motion for Summary Judgment filed by the Plaintiff be denied and that the Motion for Summary Judgment filed by the Defendants be granted. This action should be dismissed because it is barred by the applicable statute of limitations.

### II. REPORT

The Plaintiff, Cortez Johnson ("the Plaintiff" or "Johnson"), submitted a Complaint for filing in this court on October 23, 2003. He named as Defendants Corrections Officers Seplyak, O'Block and Randolph, all of whom are employed by the Pennsylvania Department of Corrections at the State Correctional Institution at Pittsburgh. These defendants are alleged to have used excessive force against Johnson on March 17, 2001, causing

him severe injuries. No other allegations were set out in the initial Complaint.

Defendants Seplyak, O'Block and Randolph moved to dismiss Johnson's initial Complaint on June 17, 2004, claiming that his action was barred by the applicable statute of limitations. The Plaintiff responded by amending his Complaint. The Amended Complaint repeated the allegations related to the events which occurred on March 17, 2001. In his new pleading, however, Johnson raised additional claims; *i.e.*, an alleged denial of medical care following the purported assault, a claim that he was denied access to the courts, and a claim that prison officials retaliated against Johnson by denying him the right to file grievances. Added as defendants were a myriad of prison personnel involved with the grievances Johnson allegedly filed with respect to the March, 2001 event. The new defendants moved to dismiss the Amended Complaint and their motion was granted (Doc. 29).

The original Defendants, O'Block, Seplyak and Randolph, answered the Amended Complaint. Remaining is an excessive force claim, a state law assault claim, and a claim in which Johnson argues that the Defendants filed false disciplinary reports against him in order to conceal the alleged assault. Both the Plaintiff and the Defendants have filed motions seeking summary judgment.

## A. Analysis

(a) The Defendants' Motion

The federal statute upon which Johnson has based his complaint, 42 U.S.C. § 1983, does not specify a filing limitations period. Instead, the relevant statute of limitations is determined by state law. Wilson v. Garcia, 471 U.S. 261, 272-76 (1985). The applicable limitations period under Pennsylvania law is two years. See 42 Pa. Cons. Stat. § 5524; Epps v. City of Pittsburgh, 33 F.Supp.2d 409 (W.D.Pa.1998).

The date when a section 1983 claim *accrues* is a matter of federal law. Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994) (J. Ginsburg, concurring). A claim accrues when the plaintiff knew or had reason to know of the injury. Stated differently, the date when the plaintiff knows, or should know, both the fact of injury and its causal connection to the defendant, triggers the limitations period. Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the limitations period); Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988)(a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong).

Here, Johnson's alleged assault and excessive force claims accrued when they occurred, *i.e.*, March 17, 2001. Likewise, the claims related to the filing of false disciplinary charges accrued when those charges were filed, *i.e.*, March 17 and 18, 2001. The Amended Complaint was filed on October 24, 2003, and the pleading was dated October 17, 2003. Consequently, giving Johnson the benefit of the mailbox rule, his Complaint was untimely since more than two years passed between March 18, 2001, and the earliest possible date that he mailed his Complaint, *i.e.*, October 17, 2003.[1]

The Plaintiff argues, however, that equitable tolling should apply in this case because he attempted in March and June, 2001, to file grievances concerning the alleged assault with prison authorities. He has presented what he asserts to be copies of the grievances he attempted to file, but which he says were ignored by prison authorities. Johnson concedes that he did nothing further between June, 2001 and February, 2003, when he filed a grievance concerning the assault which was accepted by prison authorities, given a grievance number, and denied as being untimely (Doc. 20, Unmarked Ex. February 24, 2003 "Grievance Rejection Form" for Grievance No. 44932). That said, the Plaintiff now asserts that the March 17, 2001, June 2001 and

---

1. All other claims were dismissed pursuant to an order entered on June 22, 2005. See Doc. 29.

February, 2003 grievances he filed (or attempted to file) should equitably toll the limitations period.

Johnson also makes a second argument with respect to the tolling issue. He forwarded to the clerk of this court a motion to proceed in *forma pauperis* in August, 2002 and a pleading entitled a "Notice of Intent to File § 1983 Action" in March, 2003 (Doc. 53, Ex. at 22 and 23). Each of these documents was returned to the Plaintiff without filing since they were not attached to any complaint or other pleading (Doc. 3, Ex. at 27, 28). Nonetheless, Johnson argues that he thereby put this court on notice that he intended to file a lawsuit and that the motion should equitably toll the limitations period.

In sum, the issues raised by Johnson are these: (1) whether his two alleged abortive attempts to grieve the incident and/or his late filed grievance suffice to toll the limitations period; and (2) whether his two attempts to file motions in this court toll the limitations period. This court concludes that the Plaintiff has taken no action which may properly toll the limitations period and, accordingly, concludes that this action is barred by the applicable statute of limitations.

Federal courts may toll statutes of limitations for federal laws where the plaintiff "in some extraordinary way has been prevented from asserting his or her rights." Robinson v. Dalton,

107 F.3d 1018, 1022 (3d Cir.1997). Equitable tolling is appropriate in three general circumstances:

> (1) where a defendant actively misleads a plaintiff with respect to h[is] cause of action; (2) where the plaintiff has been prevented from asserting h[is] claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts h[is] claims in a timely manner but has done so in the wrong forum.

Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).

First, there is nothing in this record which exhibits actions on the part of the named Defendants which misled the Plaintiff with respect to his ability to file a federal action. If, as plaintiff argues, his initial two grievances were ignored, he could have timely filed a federal claim and argued that his attempts to exhaust the available administrative remedies were unavailing. Instead, he waited nearly two years and filed an untimely grievance in February, 2003. This grievance was denied immediately as being untimely, yet he waited another eight months to file this lawsuit. Consequently, nothing in this record shows any "misleading action" on the part of the Defendants.

Next, the record also does not reveal any "extraordinary circumstances" which prevented Johnson from filing a timely complaint. Instead, he now argues that his attempt to file a timely grievance in March, 2001 was impeded. Even if, however, Johnson did attempt to file a grievance which was not accepted, he nevertheless retained the option to file a timely complaint

long before the limitations period expired. Consequently, the alleged failure of prison personnel to accept his March, 2001 grievance is not an "extraordinary circumstance" which prevented him from timely pursuing his claims.[2]

Finally, Johnson's two pre-complaint attempts to file documents in this court were returned unfiled because they were not accompanied by a complaint. Consequently, he has not satisfied the third basis for equitable tolling because he filed no "claim" in an improper forum. To the contrary, his letters to this court indicated that he intended to file a complaint and claims in the future.

(b) The Plaintiff's Motion

Johnson also moves for summary judgment, claiming that the Defendants have failed to present evidence contradicting his claims of excessive force. His motion must necessarily fail because the defendants have raised issues of material fact with respect to his claims. More importantly, however, the Plaintiff's claims are time-barred.

---

2. The Plaintiff's asserted June, 2001 grievance was untimely, as was his February, 2003 grievance. Thus, the Defendants' asserted refusal to accept the June, 2001 grievance, and the denial of the February, 2003 grievance are also not a proper basis for finding extraordinary circumstances.

### III. CONCLUSION

It is recommended that the Motion for Summary Judgment filed by the Plaintiff be denied and that the Motion for Summary Judgment filed by the Defendants be granted and that this action be dismissed because it is barred by the statute of limitations

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

s/Francis X. Caiazza<br>
Francis X. Caiazza<br>
United States Magistrate Judge

Dated:  May 8, 2006

cc:
Cortez Johnson, DY-2500
SCI Waymart
P.O. Box 256
Waymart, PA 18472-0256

Rodney Torbic, Esq.
Mary Lynch Freidline, Esq.

Susan J. Forney, Esq.